Ramsey Hanafi, SBN 262515
QUINTANA HANAFI, LLP
870 Market Street, Suite 819
San Francisco, CA 94102
Tel.: (415) 504-3121
Fax: (415) 233-8770
ramsey@qhplaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL SASSANI, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> WALSH CONSTRUCTION COMPANY II, LLC, an Illinois limited liability company, <br><br> Defendants. | **CASE NO.:** <br><br> **COMPLAINT FOR DAMAGES** <br> 1. **FAILURE TO MAKE REASONABLE ACCOMMODATION (GOV. CODE § 12940(m));** <br> 2. **DISABILITY DISCRIMINATION (GOV. CODE § 12940(a));** <br> 3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (GOV. CODE § 12940(n));** <br> 4. **GENDER DISCRIMINATION (GOV. CODE § 12940(a));** <br> 5. **RETALIATION (GOV. CODE § 12940(h);** <br> 6. **WRONGFUL TERMINATION;** <br> 7. **FAILURE TO PAY OVERTIME WAGES (LAB CODE §§ 200, 204, 510, 1194);** <br> 8. **FAILURE TO PROVIDE MEAL BREAKS** <br> 9. **FAILURE TO PAY WAGES UPON TERMINATION (LAB. CODE §§ 201, 203); and,** <br> 10. **FAILURE TO PROVIDE PERSONNEL FILE UPON REQUEST (LAB. CODE §§ 1198.5, 432, 226(f).** |

- 1 -

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

## I.   INTRODUCTION

Plaintiff EMMANUEL SASSANI (herein "Plaintiff") brings this action against Defendant WALSH CONSTRUCTION COMPANY II, LLC, (referred to as "Defendant"). Plaintiff alleges the following:

## II.   JURISDICTION AND VENUE

1. This court has jurisdiction in this action pursuant to 28 U.S.C. section 1332, as set forth more fully herein. The parties are diverse and the damages sought in this matter exceed $75,000.

2. This court has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy pursuant to 28 U.S.C. section 1367.

3. This court is the proper venue for this action under 28 U.S.C. section 1391 because the defendants are subject to jurisdiction in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Plaintiff has properly notified the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing of their intent to sue Defendant and has received a "right-to-sue" notice for all of their claims prior to filing this complaint.

## III.   PARTIES

5. Defendant WALSH CONSTRUCTION COMPANY II, LLC is an Illinois limited liability company, with its principal headquarters at 929 W Adams St, Chicago, Illinois, 60607.

6. Plaintiff EMMANUEL SASSANI was employed by Defendant out of their Concord, CA regional offices from January 20, 2020, until in or around February 2020. Plaintiff's position was "Assistant Construction Tech Manager" in Defendant's California Water Division.

## IV.   GENERAL ALLEGATIONS

7. Plaintiff's starting salary was $110,000 per year. He was classified as full time exempt.

- 2 -

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

8.  On his first day Plaintiff was instructed to report to Lucas Lowney, his direct supervisor. One of Mr. Lowney's first questions to Plaintiff on his first day was asking Plaintiff how old he was. Mr. Lowney immediately provided Plaintiff lower-level production work, as opposed to technical manager work that he was expecting to perform.

9.  Plaintiff's day to day duties consisted primarily of production level and clerical work. Plaintiff routinely worked over eight hours per day but was classified as exempt and never received any overtime. Despite regularly working over eight hours every day, as an exempt employee Plaintiff was never provided a bona fide half hour off duty break on any of his workdays.

10.  On Plaintiff's first week, he was asked by human resources employee Beverly Archie whether he "sweat a lot." Plaintiff answered yes. Ms. Archie continued asking Plaintiff about his sweating. On another occasion, in the break room, Ms. Archie approached Mr. Sassani and again asked him if it was "hot in here," as he was sweating. Mr. Sassani tried to joke about it to defuse the awkward moment, but he eventually divulged that it was a thyroid issue. Ms. Archie asked him if it was cancer-related and he said no. Mr. Sassani told Ms. Archie he was going to discuss possible accommodations later with HR, but that he was not comfortable discussing it at that time in the break room, as it was private. Ms. Archie asked if Mr. Sassani had told Mr. Clowney yet, and he said no.

11.  Mr. Sassani was also asked by Jordan Smith, one of his coworkers, about his sweating around this time. Mr. Smith also at one point referred to Mr. Sassani as a "she." Mr. Sassani is a transgender male.

12.  In or around one week after Mr. Sassani's conversation with Ms. Archie in the break room, and his conversation with Mr. Smith, he was terminated on February 7, 2020.

//

//

//

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Provide Reasonable Accommodations**
**(Cal Gov't Code § 12940(m))**

18. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

19. Plaintiff informed Defendant and/or Defendant perceived that Plaintiff may require reasonable accommodations to deal with his thyroid issue.

20. Plaintiff was able to perform his essential job duties with reasonable accommodations for his disability, should any have been required.

21. Defendant was aware of, or perceived, Plaintiff's need for accommodations for his thyroid issue and failed to provide any accommodations. Instead, Defendant terminated Plaintiff.

22. As a result of the aforementioned action, Plaintiff suffered harm and Defendant's conduct as alleged herein was a substantial factor in causing this harm.

23. As a direct and proximate result of the violation of her rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

24. As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees and costs according to proof.

25. The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages. Plaintiffs are further informed and believe and thereon allege that this advance knowledge, or acts of oppression, fraud, or malice or act of ratification or authorization were on the part of the owners or other managing agents acting on behalf of Defendant.

//
//

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION
### Disability Discrimination
### Cal. Gov. Code § 12940(a)

26. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

27. Plaintiff informed Defendant of his thyroid issue and his future need for accommodations. Defendant perceived Defendant as disabled based on this comment and Defendant's employees' frequent commentary on Plaintiff's perspiration at work.

28. Defendant was aware of Plaintiff's disability or perceived Plaintiff as disabled and in need of accommodations.

29. Plaintiff was able to perform his essential duties with reasonable accommodation, if required.

30. Rather than engage in the interactive process or offer any accommodations to Plaintiff, Defendant fired Plaintiff before he could formally request any accommodations.

31. Plaintiff's disability and need for accommodations, or Defendant's perception thereof, was a substantial motivating factor for his termination.

32. As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

33. As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees and costs according to proof.

34. The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages. Plaintiffs are further informed and believe and thereon allege that this advance knowledge, or acts of oppression, fraud, or malice or act of ratification or authorization were on the part of the owners or other managing agents acting on behalf of Defendant.

//

- 5 -

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION
**Failure to Engage in the Interactive Process**
**(Cal. Gov't. Code 12940(n))**

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

36. At all times relevant to this Complaint, Government Code section 12940 and the corresponding Code of California Regulations were in full force and effect and binding on Defendants. These sections, inter alia, require Defendant to engage in an interactive process with employees to determine whether reasonable accommodations can be made.

37. Defendant was aware that Plaintiff had a disability, or perceived Plaintiff as having a disability.

38. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential functions of his job.

39. Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

40. As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, medical expenses, physical and emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, loss of his career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

41. As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees and costs according to proof.

42. The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages. Plaintiffs are further informed and believe and thereon allege that this advance knowledge, or acts of oppression, fraud, or malice or act of ratification or authorization were on the part of the owners or other managing agents acting on behalf of Defendant.

//
//

## FOURTH CAUSE OF ACTION
### Gender Discrimination
**(California Government Code § 12940(a), Cal. Code Regs., tit 2, § 11030 *et seq.*)**

43. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

44. At all times herein mentioned, FEHA, Government Code § 12940 *et seq.*, was in full force and effect and binding on Defendant. This statute and associated California Code of Regulations requires Defendant to refrain from discriminating against any employee on the basis of their real or perceived gender identity or expression.

45. During Plaintiff's employment with Defendant, Defendant, through its agents, managers, supervisors and employees, discriminated against Plaintiff because of his gender identity or expression by harassing him, treating him less favorably in the terms and conditions of employment, denying him opportunities and subjecting him to adverse employment actions.

46. As a direct and proximate result of the violation of her rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, emotional distress, loss of self-esteem, grief, stress, anxiety, stigma, loss of her career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

47. As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

48. The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages. Plaintiffs are further informed and believe and thereon allege that this advance knowledge, or acts of oppression, fraud, or malice or act of ratification or authorization were on the part of the owners or other managing agents acting on behalf of Defendant.

//
//
//
//

- 7 -

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION
**Retaliation**
**(California Government Code § 12940(h))**

49. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

50. Defendant perceived Plaintiff as in need of future accommodations and/or requesting future accommodations.

51. Defendant terminated Plaintiff within days of its perception that Plaintiff was disabled and requesting accommodations.

52. As a direct and proximate result of the violation of her rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, emotional distress, loss of self-esteem, grief, stress, anxiety, stigma, loss of her career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

53. As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

54. The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages. Plaintiffs are further informed and believe and thereon allege that this advance knowledge, or acts of oppression, fraud, or malice or act of ratification or authorization were on the part of the owners or other managing agents acting on behalf of Defendant.

## SIXTH CAUSE OF ACTION
**Wrongful Termination in Violation of Public Policy**

55. Plaintiff re-alleges and incorporates by reference all the above paragraphs as if they were set forth here in full.

56. It is the public policy of California to prevent harassment and discrimination based on a person's disability.

57. It is also the public policy of California to prevent retaliation against employees for complaints regarding workplace health and safety.

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

58. Plaintiff was terminated after informing his employer of his disability, and after requesting accommodations for his disability and/or being perceived as in need of such accommodations, in violation of these public policies.

59. Plaintiff's perceived notice of his disability, and/or request for accommodations, were substantial motivating factors in Defendant's decision to terminate Plaintiff's employment.

60. As a direct and proximate result of his termination, Plaintiff has suffered harm including lost wages and emotional distress, in an amount to be proven at trial.

61. On information and belief, in doing the acts alleged herein, Defendant acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to exemplary damages in an amount according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION
**Failure to Pay Overtime**
**(Cal. Lab. Code §§ 510, 1194)**

62. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

63. During Plaintiff's employment, Defendant engaged, suffered, or permitted Plaintiff to work in excess of eight hours in a day or forty hours in a week.

64. To date, Defendant has failed to pay Plaintiff overtime premiums for every hour of overtime that Defendant engaged, suffered, or permitted Plaintiff to work.

65. As a legal result of the aforementioned violations, Plaintiff suffered harm. Pursuant to Labor Code section 1194, Plaintiff is entitled to recover from Defendant the unpaid overtime premium, including interest thereon, costs of suit, and reasonable attorneys' fees, all in the amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
**Failure to Provide Meal Breaks**
**(Cal. Labor Code §§ 226.7, 512, and Wage Order 4)**

66. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

67. The foregoing conduct, as alleged, constitutes a violation of California Labor Code §§ 226.7, 512, and Wage Order 9, which provide for a 30-minute meal break for employees who work five hours or more in a day and for 10-minute breaks for every three and one-half hours worked.

68. As a legal result of the aforementioned violations, Plaintiff suffered harm and is entitled to recover the amount of the respective pay owed – one hour of compensation for each workday that the meal or rest period is not provided – interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### NINTH CAUSE OF ACTION
### Failure to Pay Wages Upon Termination
### (California Labor Code §§ 201, 203)

69. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

70. Plaintiff was terminated by Defendant in or around February 7, 2020.

71. Plaintiff performed overtime work for which he was not paid any overtime wages in his final paycheck.

72. Defendant therefore failed to pay Plaintiff accrued wages and other compensation due immediately upon termination.

73. As a legal result of the aforementioned violations, Plaintiff suffered harm and is entitled to recover statutory penalties under Labor Code section 203, costs of suit, and reasonable attorneys' fees, all in an amount to be determined at trial. Wherefore, Plaintiff prays for relief as requested below.

### TENTH CAUSE OF ACTION
### FAILURE TO PROVIDE PERSONNEL FILE UPON REQUEST
### (California Labor Code §§ 1198.5, 432, 226(f))

74. Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES

75. On or around March 19, 2020, Plaintiff, by and through his counsel, sent a letter to Defendant at Plaintiff's place of employment in California: Walsh Construction, 1390 Willow Pass Road, Suite 950, Concord, California 94520.

76. Plaintiff's letter requested inspection and copying of his employment records as allowed under California Labor Code sections 226(b), 432, and 1198.5.

77. To date, Plaintiff has received no response to this letter.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this court:

1. That the court determine that the Defendant's actions as alleged violated the FEHA;
2. For injunctive relief requiring Defendant to conduct training for all employees, supervisors, and management on the requirements of the FEHA, the rights and remedies of those who allege a violation of the FEHA, and to permanently prohibit Defendants from engaging in any future discriminatory or retaliatory acts against Defendants' employees;
3. Award of all past and future lost wages;
4. Award of damages for pain and suffering;
5. Award of disgorgement of all wages withheld;
6. Award of statutory and civil penalties;
7. Award of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 1194 1198.5 and Cal. Gov. Code § 12965(b);
8. Award of prejudgment interest;
9. Award of punitive damages; and
10. For such other and further relief as the Court deems proper.

//
//
//
//

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: April 27, 2021              Respectfully submitted,


                                   Quintana Hanafi, LLP



                                   By: /s/Ramsey Hanafi
                                        Ramsey Hanafi
                                   *Attorney for Plaintiff Emmanuel Sassani*

- 12 -

*Sassani v. Walsh Construction Company II LLC,* United States District Court, Northern District of California
COMPLAINT FOR DAMAGES